Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN A. SOSA, *Movant,* v. UNITED STATES, *Respondent.* | Civil No.: 10-3354 (KSH) <br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Before the Court is a counseled 28 U.S.C. § 2255 motion to vacate filed by John Sosa, a federal prisoner currently incarcerated at FCI Allenwood. [D.E. 1.] For the following reasons, the motion will be denied.

**I. Background**

The Court writes for the parties and will discuss only those facts relevant to the present motion. In 2004, Sosa was indicted on a charge related to his role in a drug distribution conspiracy. [*See generally* D.N.J. Crim. No. 2:04-cr-00412.] He entered into a written plea agreement under which he pleaded guilty to one count of knowingly and intentionally conspiring to distribute and possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine, a violation of 21 U.S.C. § 846 (through 21 U.S.C. § 841(a) and (b)(1)(A)).

During the allocution phase of Sosa's plea hearing, the Court questioned him about the drug quantities charged in the indictment:

1

> **THE COURT**: And did the total quantity [of] narcotics that was distributed and possessed with the intent to distribute pursuant to the agreement that we've just been talking about, amount to more than one kilogram of heroin and more than five kilograms of cocaine?
>
> **THE DEFENDANT**: Your Honor, I believe it was one kilogram of heroin and five kilograms of cocaine.
>
> **THE COURT**: Okay. When you say you believe it was those quantities, was it more than those quantities?
>
> **THE DEFENDANT**: No, your Honor, to be accurate I believe it was one kilogram . . . I believe it was one kilogram of heroin and five kilograms of cocaine.
>
> **THE COURT**: Ms. Rose [the Assistant United States Attorney]?
>
> **MS. ROSE**: That's not satisfactory, your Honor.
>
> **THE COURT**: Okay. . . . I will give you more time to discuss things . . . .

The Court took a recess. Then:

> **MR. CONDON** [defense counsel]: Your Honor, I believe we are prepared to move forward, your Honor.
>
> **THE COURT**: Okay, thank you. Let me ask that last question again then. Mr. Sosa, did the total quantity of narcotics that was distributed and possessed with the intent to distribute pursuant to the foregoing agreement that we've just discussed, amount to more than one kilogram of heroin?
>
> **THE DEFENDANT**: I believe so, your Honor.
>
> **THE COURT**: And did the total amount of narcotics also amount to more than five kilograms of cocaine?
>
> **THE DEFENDANT**: Yes, I believe so, yes, your Honor.
>
> **THE COURT**: Okay. So the total was more than one kilogram of heroin and more than five kilos of cocaine; that's correct, sir?
>
> **THE DEFENDANT**: Yes, I can't be accurate but I believe so.
>
> **THE COURT**: Well, when you say you believe, I'm not asking you for a quantification that's down to the line. I just want to know [is] it [] over those amounts?
>
> **THE DEFENDANT**: Yes, your Honor.

(Plea Tr. 20:8–21:24 [D.E. 8-3].)  Because the parties did not stipulate in the plea agreement to drug quantity or Sosa's role in the drug conspiracy, the Court took testimony in the course of an evidentiary hearing that was held over three days during April, 2006.

Sosa's sentencing hearing took place on June 5, 2006.  Among the issues to be decided were drug-quantity culpability and the operation of various sentencing enhancements and reductions proposed by both sides.  Sosa made the additional argument that "the hard time that he has served . . . as somebody with serious leg injuries who's been confined to Passaic County [Jail]" should factor into the sentence imposed. (Sentencing Tr. 12:9–14, 12:23–13:3 [D.E. 8-4].)

Sosa argued that probation's calculation of drug amounts was speculative and based on an erroneous interpretation of intercepted phone calls.  (Sentencing Tr. 18:3–9.)  Summarizing the evidence presented by the government at the evidentiary hearing, the Court accepted probation's quantity calculation.  (*See, e.g.*, Sentencing Tr. 22:9–24:7.)  After addressing the other applications filed by the parties and looking to the 18 U.S.C. § 3553(a) factors, the Court found that a Guidelines range of 210 to 262 months applied.  (*See* Sentencing Tr. 49:2–8.)  And with regard to the time Sosa spent at the Passaic County Jail and the nature of his injury, the Court found "that the hard time that he's put in justifies sentencing him at the low end of the guidelines." (Sentencing Tr. 52:5–9.)  The Court imposed a sentence of 210 months to be followed by five years of supervised release.  [D.E. 8-5.]

Sosa appealed, challenging this Court's drug-quantity attribution and consideration of the § 3553(a) factors.  *See United States v. Sosa*, 322 F. App'x 209, 210 (3d Cir. 2009).  The Third Circuit affirmed.  *Id.* at 213.

## II. § 2255 Motion

Sosa filed this counseled post-conviction motion on June 30, 2010, within the applicable one-year limitations period. *See* 28 U.S.C. § 2255(f)(1). He attacks his sentence on three grounds, arguing first that he is entitled to a sentence reduction due to his 22-month incarceration in the Passaic County Jail; second, that his sentence is "excessive" because "the drug quantity calculations . . . were flawed"; and third, that his sentence is "unreasonable" on account of his physical ailments and declining condition while in custody. After receiving notice pursuant to *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999), Sosa indicated through counsel that he wished to have his § 2255 motion ruled upon as filed. [D.E. 5.] After the United States filed its answer [D.E. 8], Sosa filed a *pro se* application to amend his § 2255 motion [D.E. 10], based on the Supreme Court's recent ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and cannot be "found" by the judge at sentencing. *Id.* at 2155. Sosa argues that *Alleyne* is an "intervening change in the law" that rendered unlawful the imposition of a two-point role enhancement in sentencing. On Sosa's behalf, his attorney has also submitted a reply. [D.E. 12.]

## III. Discussion

It is well established that a § 2255 motion "is not a substitute for an appeal" and may not otherwise "be used to relitigate matters decided adversely on appeal." *Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985) (citations omitted). Sosa already raised the claims from this § 2255 motion on direct appeal, challenging numerous aspects of his sentence including the drug-quantity computations and his physical condition. He further argued that his pretrial detention in the Passaic County Jail required a lower sentence. *See Sosa*, 322 F. App'x at 211–

4

13. This Court will not revisit these issues, and to the extent that any of Sosa's sentencing claims were arguably not raised on direct appeal, those claims are procedurally defaulted. Sosa argues neither actual innocence nor cause and prejudice sufficient to excuse any default. *See Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009).

Sosa attempts to circumvent this bar on relitigation by raising an exception to the rule—a change in applicable law under the Third Circuit's decision in *Alleyne*. With regard to that claim, its timeliness depends on whether 1) it "relates back" to Sosa's original claims, *see Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009), or 2) whether *Alleyne* represents a "newly recognized" right "made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3). But of paramount significance here is that Sosa's case was final before *Alleyne* was decided. The Third Circuit has squarely held that *Alleyne* cannot be applied retroactively to cases on collateral review. *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). As such, the issue of its applicability to any of Sosa's claims is foreclosed.

## IV. Conclusion

For the foregoing reasons, the Court denies Sosa's § 2255 motion and his application to amend and an appropriate order will be filed to that effect. Because jurists of reason would not debate this outcome, no certificate of appealability shall be granted. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Dated: March 26, 2015

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

5